**Opinion filed December 2, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00026-CR
_____

## ADRIAN EUGENE GREENWOOD, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Nolan County, Texas**
**Trial Court Cause No. 10815**

## M E M O R A N D U M   O P I N I O N

The trial court convicted Adrian Eugene Greenwood, upon his plea of guilty, of possession of four grams or more but less than 200 grams of cocaine with the intent to deliver. A plea bargain agreement was not reached. The trial court assessed punishment at confinement for thirty-four years and a $4,500 fine. We dismiss.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has been filed. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*,

252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

In his response, appellant maintains that the evidence is legally and factually insufficient to link him with the sixteen and one-half grams of cocaine. Appellant also contends that his plea was not voluntarily entered and that his counsel was deficient for failing to object to the indictment and for introducing extraneous offenses of his prior "serious brushes with the law" and of his smoking marihuana in the residence when the police arrived. Appellant further contends that his plea was induced by a promise of leniency; that he was prejudiced by his counsel's performance; and that his counsel failed to raise significant and obvious issues on appeal such as insufficient evidence, his trial counsel's failure to secure probation for him, trial counsel's admission of a misdemeanor conviction, and trial counsel's filing of a deficient motion for new trial and failure to notify him of a hearing.

We review appellant's pro se claims and examine the record in order to determine whether the record reflects no reversible error and the appeal should be dismissed or whether arguable grounds exist and new counsel should be appointed. *Schulman*, 252 S.W.3d 403. We note that the record does not support appellant's contentions.

Following the procedures outlined in *Anders*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review by the Texas Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex. Crim. App. 2006). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to Tex. R. App. P. 66. *Black v. State*, 217 S.W.3d 687 (Tex. App.—Eastland 2007, no pet.).

The motion to withdraw is granted, and the appeal is dismissed.


December 2, 2010                                              PER CURIAM

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

2